UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FIDELITY NATIONAL TITLE INSURANCE COMPANY, s/b/m LAWYERS TITLE INSURANCE CORPORATION, *et al.*, : : : | |
| Plaintiffs : | CIVIL ACTION NO. 3:21-688 |
| v. : | (JUDGE MANNION) |
| : | |
| CRH AMERICAS, INC., f/k/a OLDCASTLE, INC., *et al.*, : | |
| Defendants : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Karoline Mehalchick which recommends that the plaintiff's motion to remand be granted and the instant action be remanded to the Court of Common Pleas for Philadelphia County due to the failure of defendant Robert M. Mumma, II, to timely remove the instant action and his failure to remove the instant action to the proper venue. (Doc. 11). Defendant Mumma has filed objections to the report (Doc. 12) to which plaintiffs have responded (Doc. 13).

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v.

Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Plaintiffs filed the instant action in the Court of Common Pleas for Philadelphia County on January 23, 2020. Service was completed on defendant Mumma on December 11, 2020, and on April 13, 2021, defendant Mumma removed the action to this court. On April 19, 2021, defendant

Mumma was directed to file a copy of all process, pleadings, and orders to accompany his notice of removal, to which he responded on April 26, 2021.

Plaintiffs filed a motion to remand the action on May 26, 2021, 30 days after defendant Mumma filed his supplemental response. After briefing, Judge Mehalchick considered the motion and related materials. In doing so, Judge Mehalchick determined that the plaintiff's motion was untimely filed pursuant to 28 U.S.C. §1446(b)(1) and filed in the wrong venue pursuant to 28 U.S.C. §1441(a). (Doc. 11).

Section 1446(b)(1) provides that the notice of removal filed by defendant Mumma had to be filed "within 30 days after the receipt by [defendant Mumma], through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." Defendant Mumma received service on December 11, 2020. He did not file his notice of removal until April 13, 2021, well after the time allotted by §1446(b)(1). Thus, the court agrees, defendant Mumma's removal is untimely. Defendant Mumma has filed no objections challenging Judge Mehalchick's finding of untimeliness. The court finds no clear error of record

with respect to the finding of untimeliness and will, therefore, adopt Judge Mehalchick's report in this respect.

Moreover, pursuant to §1441(a), a defendant may remove an action to the district court of the district and division embracing the place where the action is pending. The action here was filed in Philadelphia, Pennsylvania, located in the Eastern District of Pennsylvania. Despite this, defendant Mumma removed the action to the Middle District. In this situation, if the defect can be remedied, the court may transfer the case to the proper federal district court, or if it cannot be remedied, the court may remand the case to the court where it was originally filed. Judge Mehalchick determined that defendant Mumma's untimely filing requires remand of the action versus transfer. Defendant Mumma apparently objects to this aspect of the report arguing that he had previously engaged in an arbitration in Dauphin County located in the Middle District. The instant action, however, was filed in the Eastern District and must be removed to the Eastern District. The court agrees that transfer to the proper district cannot remedy the defect of untimeliness. As a result, Judge Mehalchick's report will be adopted in this respect as well.

In light of the foregoing, the court will overrule defendant's objections to Judge Mehalchick's report, adopt the report in its entirety, and grant the plaintiff's motion to remand. In accordance with the foregoing, an appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 17, 2021**
21-688-01